## WILLIAM G. BLOOD v. HENRY W. ADAMS.

### Pleading.   Justification.

A special plea in justification must admit so much of the charge in the dec-
laration as it attempts to justify.

To a declaration in trespass for forcibly ejecting the plaintiff from a railroad
train, the defendant pleaded specially in justification, that he was the con-
ductor of the train in question, that the plaintiff had no ticket, and refused to
pay his fare; that he required the plaintiff to leave the train, and thereupon
the plaintiff did leave the train in pursuance of such requirement,— which
was the same ejecting complained of.   *Held*, that this was no admission
of the alleged trespass, and that the pleas in justification were therefore bad
as amounting only to the general issue.

TRESPASS for forcibly ejecting the plaintiff from a railroad
car.   The defendant pleaded the general issue, and four special
pleas in justification.   To the four latter pleas the plaintiff
demurred specially, on the ground that the defendant did not in
either of them admit any trespass or assault which required
justification, and that the pleas therefore amounted only to the
general issue.

The material portions of the declaration, and of the special
pleas, are sufficiently set forth in the opinion of the court.

The county court, at the June Term, 1859,— BARRETT, J.,
presiding, rendered judgment that the special pleas were suffi-
cient, and the plaintiff excepted.

*A. Underwood*, for the plaintiff.

*P. T. Washburn*, for the defendant.

POLAND, J.   The plaintiff's declaration charges the defend-
ant with making a violent assault upon the plaintiff, that he beat,
bruised and wounded him, and that he forcibly and violently
ejected him from a railroad car.   All the defendant's special
pleas begin with a traverse of all that is alleged in the declara-
tion except the ejecting the plaintiff from the cars, and, as to that,
set up a special justification, that the defendant was the con-
ductor of the train, and that the plaintiff was in the cars without

Blood *v.* Adams.

a ticket, and that upon being called upon by the defendant to pay his fare, he refused.  The facts stated in the pleas would seem to furnish the defendant a sufficient justification for a forcible expulsion of the defendant from the cars.  The general distinction made by the rules of pleading, between matters of denial, and matters of justification, are well understood.  If the defendant relies upon a denial of the whole, or any portion of what the plaintiff alleges in his declaration, he should plead the general issue to the whole, or such part as he intends to deny.  If he admits the whole, or any part of what the declaration alleges, and would set up some special matter in justification of it, this must be done by a special plea.  A defendant may ordinarily put the plaintiff to the proof of his whole declaration by pleading the general issue, and also set up a justification or excuse for the same act, by pleading specially ; but he cannot do both in the same plea.

The same plea may not both deny and justify the same charge. It is an indispensable requisite of a good special plea in bar, that it admit or confess the truth of so much of the charge in the declaration, as it attempts to avoid, excuse, or justify.  If the plea deny the same facts it attempts to justify, the plea is bad as amounting to the general issue, and the rules of pleading will not allow a party to encumber the record with matter in justification of a charge, which in the same plea, he denies, or does not admit to be true.

Mr. CHITTY, with his usual accuracy and clearness, lays down the rule as follows, together with an apt illustration of it : " Every special plea of justification states circumstances which either excuse the fact complained of, or show it to be lawful ; it must therefore admit or confess such fact, otherwise it is not a justification, but a denial of the fact, and amounts to the general issue ; and therefore in trespass for an assault and battery, when the defendant pleaded that he was riding a horse in the king's highway, and that his horse, being frightened, ran away with him, and that the plaintiff was desired to go out of the way and did not, and the horse ran upon the plaintiff against the defendant's will.  On demurrer, the plaintiff had judgment, because

the defendant had assumed to justify the battery, and yet had not confessed that which amounted to a battery by himself, for if the horse ran away against the will of his rider, it could not be said with any color of reason, to be a battery in the rider, and it was admitted by the court that if the defendant had pleaded not guilty, this matter might have acquitted him upon evidence." 1 Ch. P. 511,—citing *Gibson* v. *Pepper*, 2 Salk. 637, and S. C. 1 Ld. Raym, 38. The same general rule is found in all the books on pleading, and illustrated by almost innumerable cases in the reports.

It is said, however, that these pleas do admit or confess a violent and forcible expulsion of the plaintiff from the cars by the defendant, as charged in the declaration, so as to entitle the plaintiff to recover in trespass therefor, unless justified by the special matter alleged in the defendant's plea. This must be determined by the words used. The pleas, after setting forth the defendant's position as conductor, and the plaintiff's refusal to pay fare, on request, go on to say: " And the said defendant, then and there required of the plaintiff, as he the said defendant, for the cause aforesaid, lawfully might, that he the said plaintiff, should then and there leave the said train of cars, and be no further carried as a passenger thereby. And thereupon the said plaintiff, did then and there, in pursuance of the said requirement and command of the said Henry W. Adams, conductor as aforesaid, leave the said train of passenger cars, which is the same ejecting, &c."

Now does this language concede that the defendant forcibly ejected the plaintiff from the cars? Can it fairly be made to mean that? To test it, suppose that under this declaration, the parties should agree to a statement of facts, in the very language of these pleas, and submit to the court, whether they would support the plaintiff's action of trespass. It seems clear to us that they would not; not only do they fail to state that the defendant used any force at all in expelling the plaintiff from the cars, but there does not appear to have been any threat or intimation that force would be used to expel him. If the plaintiff left the cars voluntarily, though in obedience to an unfounded and unwarrantable command of the defendant, we think he could not maintain tres-

pass against him for an assault, and therefore that these pleas do not properly confess the fact they assume to justify.

The judgment of the county court, that these pleas are sufficient, is therefore reversed.