## B. C. HOYT v. W. W. CATE.

LAMOILLE COUNTY, AUGUST TERM, 1893.

*Settlement.    Proposition not assented to cannot bind.*

1. A proposition for adjustment met by a counter proposition not assented to, does not bind the other party.
2. *Held*, that there was no evidence tending to show such assent.

General assumpsit.    Plea, the general issue, payment and offset.    Trial by jury at the December term, 1892, Lamoille county, TAFT, J., presiding.    Verdict and judgment for the plaintiff.    The defendant excepts.

The plaintiff presented an account of nine items and the the defendant one of five, all of which accrued before December 24, 1890.    The testimony showed that on that day the parties had made a jump settlement of their accounts, including these items.    The plaintiff admitted that the terms of that settlement had been complied with, but insisted that he was entitled to recover on item two, nevertheless.

This item was, "Cash paid you to pay for oil, forty-eight dollars." It appeared that the plaintiff was owing two bills for oil, one for eight dollars and the other for forty dollars, and that he gave the defendant this money to pay these bills; that the defendant paid the smaller one, but did not pay the other, and that the plaintiff had been obliged to pay it.

The evidence of the plaintiff tended to show that the oil bills were not mentioned at the time of the settlement, but that soon after the following conversation passed between them in reference to them:

"Q. Anything else done between you?"

"A. Yes, sir. Before we left the depot Hoyt came to me and said: 'You ought to pay that telephone bill and oil bill,' and I says, 'I will if you pay for the lumber in the Stowe buildings; then I will pay the oil bill.'"

"Q. Was that after Mr. Keith had been called or before?"

"A. Afterwards."

"Q. In his presence?"

"A. No, sir; he was not present."

"Q. Did you pay the telephone bill?"

"A. I did, sir; thirty dollars."

"Q. What about the oil bill?"

"A. I paid the eight dollars and twenty-seven cents oil of the Tide Water Co."

"Q. Whether Mr. Hoyt has ever paid for the lumber?"

"A. No, sir; I never received a penny for it."

"Q. He says he agreed at something like thirty-five dollars and seventy-five cents for the lumber out there; is that true?"

"A. When I met him at Morrisville—I think at Mr. Churchill's store—he said they was crowding him about the oil bill and he thought I ought to pay it; and I told him I would if he would pay for the lumber in the Stowe buildings there."

The defendant claimed that this tended to show an arrangement that he was to pay the forty dollars on account of the oil bill only in case the plaintiff paid for the lumber, and asked that this question be submitted to the jury.

The court declined to so hold, and charged that if the plaintiff supposed at the time of the settlement that the defendant had paid the forty dollars he might recover it.

*Geo. M. Powers* for the defendant.

*P. K. Gleed* for the plaintiff.

MUNSON, J.   The plaintiff claimed to recover upon several items of charge.   The defendant presented several items in offset, but claimed that both accounts had been wiped out by a sweeping settlement.   The jury found the settlement as claimed by the defendant; but found under an instruction of the court that the plaintiff was entitled to recover one item of his account, notwithstanding the settlement.   It is claimed that the charge was erroneous, in view of the testimony of the defendant set forth in the exceptions.

The defendant testified that soon after the settlement was made the plaintiff came to him and said, "You ought to pay that telephone bill and oil bill," and that witness replied that he would if the plaintiff would pay for certain lumber.   As far as this was evidence tending to show that when the settlement was made the plaintiff knew that the money handed defendant to pay the oil bills had not been used for that purpose, and so was evidence calculated to leave the item recovered upon within the scope of the settlement, the defendant had the full benefit of it under the charge as given.   But the defendant claims that it was also evidence tending to show that by a further arrangement this matter was so left that the defendant would be under no obligation to pay the plaintiff the amount of the unsatisfied oil bill, unless the plaintiff paid for the lumber; and that the question whether such an arrangement was made should have been submitted to the jury.

We think the testimony under consideration did not entitle the defendant to have this question submitted.   The evidence

36

regarding the interview tended to show a proposition for a modification of the settlement just made, and a counter-proposition of terms upon which the proposed modification would be assented to, but no acceptance of this counter-proposition. It is true that no formal expression of assent is necessary, and that if there is evidence of anything from which an assent may properly be inferred, the question is to be submitted to the jury. But here we have absolutely nothing beyond the making of the counter proposition. There is no evidence that this was followed by a single word or sign. Nor is anything disclosed that could have a tendency to give an affirmative significance to the absence of expression. The narration brings the interview to a close with the counter-proposition unaccepted, and there is nothing to justify an inference in advance of what is stated.

Upon this state of the evidence regarding the interview, the mere fact that the defendant afterward paid one of the items embraced in the original proposition has no tendency to establish an agreement. It may be evidence tending to show that the defendant understood his counter-proposition was assented to, but is not evidence tending to show that it was assented to.

*Judgment affirmed.*