# John Morrill & Co. *vs.* New England Fire Insurance Company.

January Term, 1899.

Present: Taft, C. J., Rowell, Tyler, Munson, Thompson and Watson, JJ.

Opinion filed April 29, 1899.

*Insurance—Limitation of Actions.*—After the loss under a fire insurance policy had been adjusted, the company, in settlement, sent the insured several drafts upon itself, one at sight and the others on time. The insured accepted and used the sight draft, but returned the others with a request that they be so endorsed as to make all due upon default in payment of

either. The company retained the drafts without making the endorsement, or any payment thereof, but without withdrawing its offer. *Held*, that the insured was barred by a stipulation in the policy, that no action should be maintained upon any claim by virtue of the policy unless commenced within twelve months from the date of the loss.

*No Estoppel.*—The case is distinguishable from those in which the insured has allowed the period within which action might be brought to lapse relying upon the conduct of the company, which has led him to believe that the loss would be paid without suit.

*Offer Must Be Accepted in Terms.*—The return of the drafts with a request for the endorsement, was a rejection of the offer and the making of a counter proposition, and the insured cannot now treat the offer as having been accepted.

*Acceptance—Payment pro tanto.*—The acceptance of the sight draft operated only as a payment *pro tanto*, not as an acceptance of the proposition.

GENERAL and special assumpsit. Heard on an agreed statement of facts, at the March term, 1898, Rutland county, *Start*, J., presiding. Judgment for the plaintiff. The defendant excepted.

*Butler & Moloney* for the defendant.

The action is based upon a "claim by virtue of the policy," and is barred by the stipulation that the action should be commenced within twelve months from the date of loss.

The proposition was a conditional one and was rejected. Nowhere is it claimed in the agreed statement that the plaintiffs were in any way misled or that the defendants perpetrated any fraud upon them, or that the delay was in reliance upon any act or representation of the defendant.

*G. L. Rice* and *G. E. Lawrence* for the plaintiff.

The adjustment of a loss and promise to pay the same is a waiver of the limitation contained in the policy. Beach on Fire Insurance 1271; *Metropolitan Life Insurance Co.* v. *Dempsey*, 72 Md. 288.

The drafts were not to become due until after the expiration of the period of limitation, and the proposition of the company has never been withdrawn. Therefore the limitation in the policy was waived.

The plaintiff is entitled to recover on the drafts, and the promise of the company contained in its letter accompanying the drafts. The plaintiffs by accepting and using the sight draft accepted the proposition as made by the defendant, and although they returned the drafts with the request that they be endorsed with a certain agreement, the drafts remained and still remain the property of the plaintiffs. They could not use the sight draft without binding themselves in law to accept all the drafts. The plaintiffs did not refuse to accept the drafts but merely returned them with a request that they be endorsed in a certain way.

The sending of the drafts with the letter enclosing them and the acceptance and use of one of the drafts by the plaintiffs constitute a completed contract between the parties which could not be rescinded without the consent of both. *Porter* v. *Mutual Life Ins. Co. of N. Y.*, 70 Vt. 504; *Smith* v. *Glen's Falls Ins. Co.*, 62 N. Y. 85; Wood on Fire Insurance, 733. This is really an action upon the drafts, and the proposition never having been withdrawn was open at the time the suit was brought.

TYLER, J. The statement of facts shows that the defendant, by its policy of fire insurance, insured to the amount of one thousand dollars, certain personal property of the plaintiffs, situated in their establishment for packing and curing meats, etc., in Ottumwa, Ia. On July 12, 1893, while the policy was in force, a fire occurred by which the plaintiffs suffered a heavy loss upon the property so insured, of which they gave the defendant due notice. Some correspondence took place between the parties upon the subject of the loss, which resulted in an adjustment of the same. On March 10, 1894, the defendant, by its secretary, wrote the plaintiffs: "We hand you drafts for loss and interest, under policy No. 27,015, with the interest on the same, and we trust that you will find the same correct. These items will be paid when due: . . . Drafts, one hundred dollars, due at sight; two hundred and twenty-

three dollars, due May 10th; two hundred and twenty-four dollars, due June 10th; two hundred and twenty-five dollars, due July 10th; two hundred and twenty-seven dollars, due August 10th.''

The drafts were drawn by the defendant upon itself and made payable to the plaintiffs. On receipt, the plaintiffs used the sight draft by sending it through the banks for collection, and it was paid by the defendant. The plaintiffs immediately returned the other four drafts to the defendant by letter, saying in substance that they enclosed them, and requesting the defendant to indorse upon each of them the following: "This note becomes due, should any of the other notes of this series, numbered respectively 1908, 1909, 1910, 1911, not be paid at maturity." The plaintiffs further requested that the drafts be returned to them when so indorsed. The four drafts were received by the defendants after their payment of the one-hundred-dollar draft. The defendant did not indorse the four drafts, nor return them, nor pay them to the plaintiffs, though several times requested to pay them before this suit was brought, which was on June 7, 1897, nor had the defendant withdrawn its proposition to pay the loss as stated in its letter of March 10, 1894, and as expressed in the drafts.

It was clearly competent for the parties to the contract of insurance to stipulate in respect to the time within which a suit should be brought by the insured against the defendant after a loss occurred, and take the case out of the statutory time for bringing such actions, and they did so contract by the seventh condition in the policy which reads: "That no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or equity until after full compliance by the insured with all conditions and requirements printed and written on this policy, nor unless such action shall be commenced within twelve months next after the loss shall occur; and should any suit or action be commenced against

this company after the expiration of the aforesaid twelve months the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

(1) As the suit was not brought until more than four years had elapsed from the occurrence of the loss and more than three years from proof thereof, the plaintiffs had lost their right of action unless the defendant, by its conduct in adjusting the loss and giving the drafts, induced the plaintiffs to delay bringing their suit, or waived the seventh condition in the policy, so that the plaintiffs might bring suit at any time within six years from proof of loss.

It is unquestionably the law that any line of action on the part of the defendant which led the plaintiffs reasonably to believe that their claim would be paid without suit would estop the defendant from setting up the limitation provided in the policy. They would not be permitted to hold out the hope of payment and thus cause the plaintiffs to delay suit until the limited time had expired, and then interpose the condition in the policy in defense to an action. *Mickey* v. *Insurance Company*, 35 Ia. 174. But it does not appear that the plaintiffs were misled by the defendant's action in the premises, nor that they were by such action induced to delay bringing suit beyond the time fixed by the contract. Four of the twelve months within which a suit might have been brought remained when the plaintiffs returned the drafts to the defendant for indorsement, and the case does not show that the plaintiffs believed during all that time that their claim would be paid without suit. In all the cases cited upon the plaintiffs' brief it affirmatively appeared that the plaintiffs were misled by the defendant's conduct and omitted to bring suit in consequence of such conduct.

(2) The plaintiffs cannot recover upon the drafts, for they did not accept them. After the amount of the loss was agreed upon the defendant sent the plaintiffs the five drafts for their acceptance in payment, which the plaintiffs might

have accepted and recovered upon as they fell due. Instead of accepting them they returned four of them to the defendant, and in effect refused acceptance unless they were indorsed by the defendant in the manner indicated, which indorsement the defendant refused to make. If the offer had been accepted the defendant's liability upon the drafts would have beeen substituted for that upon the policy, and a new legal relation would have existed between the parties; but to create a new contract the acceptance must have been unconditional, absolute, and identical with the terms of the offer. An acceptance is held insufficient when any term of the proposed contract, as for instance, the time allowed for a deferred payment, is left for future consideration and adjustment. Benj. on Prin. of Cont., 12, 13. The defendant's offer was met by a counter offer and neither was accepted. The plaintiffs having rejected the defendant's offer cannot now claim an acceptance of it. The counter proposal was a virtual rejection of the original proposal. *National Bank* v. *Hall*, 101 U. S. 43. Therefore no new promise is shown upon which the plaintiffs can sustain an action. *Hartford S. B. I. & I. Co.* v. *Lasher Stocking Co.*, 66 Vt. 445; *Hoyt* v. *Coate*, 67 Vt. 559. The acceptance of the sight draft only operated as a payment *pro tanto*. In *Met. Life Insurance Company* v. *Dempsey*, 72 Md. 288: 19 Atl. R., 642, there was an agreement upon the amount to be paid and a promise by the superintendent, who had authority, to pay the amount as soon as he could obtain it from the Company. And in *Smith* v. *Insurance Company*, 62 N. Y. 85, the loss was agreed upon and a promise made by the defendant to the plaintiff to pay him the amount in consideration of his having surrendered his policy. In all the cases cited it will be found that there were new promises upon which the plaintiffs might sue irrespective of the limitations in the policies.

Upon a careful examination of the record we are unable to

find any ground upon which the plaintiffs can recover, and must hold that the lapse of the time stipulated in the policy is a fatal bar to the plaintiffs' right of action.

*Judgment reversed and judgment for defendant.*