*David S. Baker and Lewis A. Waterman*, for complainant.

*Comstock & Gardner*, for respondents.

---

MARY L. METCALF *vs.* PHENIX INSURANCE COMPANY.

PROVIDENCE—MAY 20, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Construction of Insurance Policy.*

A policy of insurance against loss by fire contained a provision limiting the time within which action could be brought against the insurer after a loss, and a further provision that no officer or agent of the insurer should have the power to waive any provision or condition of the policy :—

*Held,* the latter provision must be construed strictly against the insurer in whose favor it was designed to operate, and so, if possible, as to prevent a forfeiture.

*Held,* further, it could have no application to the limitation against the bringing of suits until suit had been begun, and therefore could not be applied to matters which occurred previously to the suit.

*Held,* further, since it applied in terms only to matters constituting a waiver, it could have no application to facts creating an estoppel.

*Held,* further, the representations, requests, and promises made by the authorized agents of the insurer. to the insured, whereby she was induced to delay bringing suit until the time limited in the policy had expired, were matters operating by way of estoppel and not as a waiver.

(2)   *Waiver and Estoppel.*

Though the terms "estoppel" and "waiver" may be sometimes loosely used interchangeably, there is a clear distinction between them.  A waiver arises by the intentional relinquishment of a right by a person or party, or by his neglect to insist upon his right at the proper time, and does not imply any conduct or dealing with another by which that other is induced to act or forbear to act to his disadvantage; while an estoppel necessarily presupposes some such conduct or dealing with another.

ASSUMPSIT on a policy of fire insurance.    The facts are stated in the opinion.    Heard on plaintiff's demurrer to the first rejoinders to the replications to the second and third pleas in bar.    Demurrer sustained.

MATTESON, C. J.   This is assumpsit on a policy of insurance against loss by fire.   The defendant pleads that suit was not begun within twelve months next after the fire, as required by limitation in the policy.   The plaintiff replies that the defendant, by its duly authorized agents and servants, entered into negotiations with her for the purpose of adjusting the loss without litigation, and repeatedly promised her that the loss should be adjusted without suit and requested her not to bring suit ; that, relying on these representations, requests, and promises, she was induced to delay and did delay bringing suit until the twelve months had expired ; and that, by reason of such representations, requests, and promises, the defendant is estopped to plead the limitation in the policy.   By way of rejoinders the defendant sets up, in answer to the replications, the final clause of the policy to the effect that no officer, agent, or other representative of the company shall have power to waive any provision or condition of the policy except such as by the terms of the policy may be the subject of agreement endorsed thereon or added thereto, and avers that the limitation in the policy is not a provision which by the terms of the policy may be the subject of agreement to be endorsed on or added to it.   The plaintiff demurs to the rejoinders upon the ground that the facts alleged in the replications to avoid the limitation of the policy are pleaded as an estoppel, and not as a waiver.

The question thus presented is whether the clause in the policy set up in the rejoinders relating to waiver constitutes an answer to the facts pleaded in the replications, and which, if proved, would create an estoppel *in pais* against the defendant and preclude it from availing itself of the limitation respecting the bringing of suits.   *Oakman* v. *City Ins. Co.*, 9 R. I. 356.   As stated in this case, strictly speaking, the defendant could not waive its right to insist on the limitation until the time came for it to so insist, *i. e.* until it had been sued.   The clause in question is to receive a strict construction against the defendant, in whose favor it was designed to operate, and is to be construed, if possible, so as to prevent a forfeiture.   11 Am. & Eng. Ency. L. 286, and cases cited.

Giving to the clause this strict construction, it is clear that it can have no application to the limitation against the bringing of suits until the suit has been begun, and, therefore, cannot be applied to matters which occurred previously to the suit. And since it in terms applies only to matters constituting a waiver, it is clear that it can have no application to facts creating an estoppel; for, though the terms "estoppel" and "waiver" may sometimes loosely be used interchangeably, there is a clear distinction between them.

(2) A waiver arises by the intentional relinquishment of a right by a person or party, or by his neglect to insist upon his right at the proper time, and does not imply any conduct or dealing with another by which that other is induced to act or forbear to act to his disadvantage; while an estoppel necessarily presupposes some such conduct or dealing with another. The matters set up in the replications are matters operating by way of estoppel, and not as a waiver; and our opinion is, therefore, that the rejoinders are not a sufficient answer to them.

Demurrers to the first rejoinder to the replication to the second plea and the first rejoinder to the replication to the third plea sustained, and said rejoinders overruled. Case remitted to the Common Pleas Division for further proceedings.

*George T. Brown*, for plaintiff.
*Comstock & Gardner*, for defendant.