LUTHER BAKER, ET AL. v. F. M. SHERMAN, ET AL.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and HASELTON, JJ.

Opinion filed November 17, 1902.

*Pleading—Confession and avoidance—General denial.*

A plea of avoidance is sufficient if it contains an implied admission of the truth of the allegations replied to.

A rejoinder, which admits that a suit terminated in an arrest of judgment as set forth in the replication to a plea of the statute of limi-

tations, but alleges that such termination resulted from the voluntary action of the plaintiff, is a plea of avoidance and does not amount to a general denial.

CASE. Heard on the plaintiffs special demurrer to the defendants' rejoinder at the March Term, 1902, Franklin County, *Tyler,* J., presiding. Demurrer sustained, *pro forma,* and rejoinder adjudged insufficient. The defendants excepted.

*Rustedt & Locklin, Farrington & Post,* and *Young & Young* for the defendants.

The plea of the statute of limitations is a bar to the action unless the plaintiffs can escape its effect by virtue of V. S. 1214. This statute does not apply in any case where the plaintiff voluntarily abandons his first suit. *Hayes* v. *Stewart,* 23 Vt. 622, and numerous other cases in this state and elsewhere.

The first special cause of demurrer alleges that the defendants claim that the first action was determined and ended in a different way than claimed by the plaintiffs. This allegation is not supported by the facts. The defendants admit that the suit ended in the way claimed by the plaintiffs, but allege that this came about through the voluntary act of the plaintiffs. Although the County Court entered a judgment in arrest, such judgment was the result of the deliberate choice and election of the plaintiffs. *Carroll* v. *Railroad Co.,* 60 Fed. R. 549.

*George W. Burleson, A. A. Hall* and *H. H. Powers* for the plaintiffs.

A special demurrer is the proper method of raising the objection here urged. Chitty Pl. 572; *Hotchkiss* v. *Ladd,* 36 Vt. 593.

The replication sets up the termination of the former suit by an arrest of judgment on a verdict for the plaintiffs. The

defendants should traverse, or confess and avoid this allegation. The rejoinder does neither. It says, in effect, that said former suit was terminated in a different manner, and concludes with a verification. This is saying that the former suit was not terminated as the plaintiffs say it was. The replication brings the case within the purview of V. S. 1214.

MUNSON, J. Case for fraudulent representations in the sale of land; plea, the statute of limitations; replication, that a prior suit seasonably brought was terminated by an arrest of judgment on verdict for the plaintiffs, and that this suit was brought within one year thereafter; rejoinder, that the judgment of arrest was entered upon the exercise of an option given plaintiffs by a judgment order of the Supreme Court; rejoinder specially demurred to as amounting to the general issue.

The rejoinder confesses in the usual form the proceedings alleged as preliminary to the judgment of the Supreme Court; denies that the judgment of that Court was as alleged in the replication; and, after stating certain matters of avoidance, sets up the subsequent judgment of the County Court in terms which correspond with the allegation of the replication, but without formally confessing the judgment as alleged or its finality. The rejoinder also shows, by way of avoidance, that the Supreme Court granted a new trial upon terms, and ordered an arrest of judgment if a new trial upon those terms was not desired; that, in the vacation following the entry of the case on remand, the plaintiffs, by notice in writing, declined to accept a new trial on the terms imposed, and elected to have judgment arrested; and that the judgment afterwards entered in the County Court was rendered in pursuance of that election.

The only point made by the plaintiffs is that the rejoinder amounts to a general denial. It is said that the replication sets

up the termination of the former suit by an arrest of judgment, and that the rejoinder does not confess and avoid this allegation, but alleges that the suit was terminated in a different manner. We think this view of the rejoinder is incorrect. Its allegation of the judgment of the County Court is identical in substance with that of the replication, and its recital of the proceedings shows that the judgment was one necessarily final. It is not essential that the confession be made in terms. It is said in Chitty that a plea of avoidance must contain either an express or an implied admission that the allegations replied to are true. It was considered in *Blood* v. *Adams,* 33 Vt. 52, that the question was whether the language of the plea could fairly be construed as an admission of the act complained of. It is clear that the allegations before set forth impliedly admit the ending of the suit as alleged. The later allegation that the action was voluntarily abandoned and did not fail by reason of a judgment in arrest, is not inconsistent with this construction. This allegation is not to be taken as a denial that the judgment in arrest terminated the suit, but as an assertion that that judgment resulted from the voluntary action of the plaintiffs. The pleader admits the simple fact of the disposition of the case by a judgment in arrest, but alleges antecedent matter which is relied upon to deprive that judgment of the effect it would otherwise have. It is not necessary to consider whether the matter so pleaded could have been shown under a general denial. The distinction between a plea that amounts to the general issue, and one disclosing matter that may be given in evidence under the general issue, was pointed out in *Kimball* v. *Boston etc. R. R. Co.,* 55 Vt. 95. It has always been held that "special matter of fact intermixed with matter of law, though it might be given in evidence on the general issue, may be pleaded specially." *Hussey* v. *Jacob,* 1 Ld. Raymond, 87; *Warner* v. *Wainsford,* Hob. 127; *Sarsfield* v. *With-*

*erly,* 2 Vent. 292; *James* v. *Fowks,* 12 Mod. 101; *Hallitt* v. *Birt,* 12 Mod. 121; *Paramour* v. *Johnson,* 12 Mod. 376; *Carr* v. *Hinchcliffe,* 4 B. & C. 547; *Maggs* v. *Ames,* 4 Bing. 470. It is explained in *Hallitt* v. *Birt,* that "matter in law" as here used, does not mean a question in law, but a thing which in law avoids the cause of action.

The matter is in no way complicated by the defendants' denial of the judgment of the Supreme Court as pleaded by the plaintiffs. In the plaintiffs' pleading, the allegation of that judgment is but matter of inducement; while the judgment alleged to have been finally rendered by the County Court is a complete support of their contention, unless met by some matter of avoidance. But the defendants' contention is based wholly upon the judgment of the Supreme Court; and the terms of that judgment and the action of the plaintiffs under it, together, constitute their matter of avoidance. The defendants can therefore deny the allegation touching the judgment of the Supreme Court, and confess and avoid the judgment of the County Court, and a confession of that will be sufficient, for that is the gist of the replication. The admission of that judgment gives the plaintiffs an apparent right, and makes the rejoinder a plea of avoidance.

*Pro forma judgment reversed, demurrer overruled, rejoinder adjudged sufficient, and cause remanded.*

HASELTON, J., dissents.