LUTHER BAKER, ET AL. *v.* F. M. SHERMAN, ET AL.

January Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and HASELTON, JJ.

Opinion filed November 26, 1904.

*Statute of Limitations—Arrest of Judgment—New Action—*
*V. S. 1214.*

The judgment of the Supreme Court in *Baker v. Sherman*, 73 Vt. 26, compelled the plaintiffs to elect either to amend their declaration

and have a new trial on the terms imposed, or to have judgment arrested; and their election to submit to an arrest of judgment was not voluntary, and therefore did not bar a new action for the same cause within a year, as authorized by V. S. 1214.

CASE for fraud in the sale of real estate. Pleas, the general issue, and Statute of Limitations; replication to the plea of the Statute of Limitations; rejoinder to the replication; traverse of the rejoinder. Trial by court on the issue raised by the traverse of said rejoinder, at the September Term, 1903, Franklin County, *Watson, J.*, presiding. Judgment for the plaintiffs. The defendant excepted.

This case has been once before in the Supreme Court, see *Baker* v. *Sherman,* 75 Vt. 88, where the pleadings are sufficiently stated. The only difference in the pleadings here is that the rejoinder is traversed instead of being challenged by demurrer.

*Rustedt & Locklin, Farrington & Post,* and *Young & Young* for the defendants.

Plaintiffs cannot bring a new action within a year after judgment in the former suit was arrested as authorized by V. S. 1214, because by choosing to have judgment arrested they voluntarily abandoned the former action. Wood, Limitations, 3rd Ed. § 296; Buswell, Limitations § 361; Angell, Limitations, 6th Ed., § 327; 19 A. & E. Enc. L. 267; Phelps *et al.* v. *Wood,* 9 Vt. 399; *Speare et al.* v. *Newell,* 13 Vt. 288; *Hayes* v. *Stewart et al.* 23 Vt. 622; *Poland* v. *Grand Trunk Ry. Co.,* 47 Vt. 73; *Swan* v. *Littlefield,* 6 Cush. 417; *Packard* v. *Swallow,* 29 Me. 458; *Holmes* v. *Chicago,* 94 Ill. 439; *Spiers* v. *McQueen,* 1 Mich. 252; *Clark* v. *Stevens,* 55 Iowa 361; *Archer* v. *Chicago & G. R. R. Co.,* 65 Iowa 611; *Pardey* v. *Mechanicsville,* 112 Iowa 68; *Harris* v. *Dennis,* 1 Serg. & R., (Pa.) 236; *Siefried* v. *R. Co.,* 50 Ohio St., 294; *Null*

v. *Canal Co.*, 4 Ind. 431; *Young* v. *Mackall*, 4 Md. 367;
*Jones* v. *Swanson*, 3 Head. (Tenn.) 162; *Bell* v. *Elliot*, 8
La. Ann., 453; *Elliot* v. *Brown*, 13 La. Ann., 579; *Law-
rence* v. *Winnifred Coal Co.*, 48 W. Va., 139; *Hanks* v.
*Williams*, 1 Cheves Eq., 203 (S. C.); *Borino* v. *McGee*, 3
McCord, 452 (S. C.); *Shield* v. *Boone*, 22 Texas 193; *Hughes*
v. *Lane*, 25 Tex. 356; *Highsmith* v. *Messery*, 25 Tex. Sup.,
96; *Connolly* v. *Hammond*, 58 Tex. 11; *Flannagan* v. *Pear-
sons*, 66 Tex. 302; *Doyle* v. *Wade*, 22 Fla. 90; *Carroll* v. *Ala-
bama, G. S. R. Co.*, 60 Fed. R. 459; *Waydell* v. *Gabrielson*,
72 Fed. R. 648; *Richards* v. *Maryland Ins. Co.*, 8 Cranch 84;
L. Ed. 496; *Willard* v. *Wood*, 164 U. S. 592; 41 L. Ed. 531;
*Smith* v. *Brown* (3 D. & E. 662) *Napier* v. *Foster*, 80 Ala.
379.

George W. Burleson, Alfred A. Hall* and *H. Henry
Powers* for the plaintiffs.

HASELTON, J.   This action was case for alleged fraudu-
lent representations in the sale of real estate.   Trial by the
court was had on the issue raised by a plea of the Statute
of Limitations, replication thereto, rejoinder to the replication
and traverse of the rejoinder.   On these pleadings and facts
found by the court judgment was rendered *pro forma* for the
plaintiffs.   The general issue to the declaration was pleaded,
but for sufficient reasons the trial proceeded as above stated
with the understanding that if the issue tried by the court
was finally determined in favor of the plaintiffs the cause
should be remanded to the county court for trial on the
general issue and such other pleadings as might be proper.

This is the same case that is reported in volume 75 of
Vermont Reports on pages 88 to 92 inclusive, 53 Atl. 330,
331, and the pleadings here involved are, with the exception

of the traverse, there stated in the opinion with a fullness sufficient for the consideration of the case in its present aspect. The case as before made up for the Supreme Court, stood, however, upon a special demurrer to the rejoinder. The only claim made by the plaintiffs was that the rejoinder amounted to a general denial. This claim was not sustained and it was considered that the defendants had rejoined by way of confession and avoidance.

This suit is for the same cause of action as a cause formerly brought by the plaintiffs against the defendants and tried on a plea of the general issue at the September Term, 1899, of the Franklin county court. In that case a verdict for the plaintiffs was on such trial returned. After verdict the defendants filed a motion in arrest of judgment on the ground of the insufficiency of the declaration. This motion the trial court overruled and rendered judgment on the verdict. The defendants excepted and the case was passed to the Supreme Court. The case is reported in volume 73 of Vermont Reports, and the opinion and judgment order, as found on pages 26 to 34 inclusive, and 50 Atl. 633-636, are referred to in the finding of facts herein and are made a part thereof.

The main question raised by the facts found and reported is whether the plaintiffs voluntarily abandoned the former suit.

The court below treated this as a question of law on the facts found; and the nature of the facts found was such that the trial court was clearly right in this regard. In the former suit the defendants after verdict moved in arrest of judgment. On the question thus raised the defendants finally prevailed, the Supreme Court holding the declaration bad on motion in arrest. Had the Court thereupon simply arrested judgment no question could be made but that under V. S.

1214 the plaintiffs' cause of action would have been saved to them. What the Court undertook to do was to give the plaintiffs an option such that an election under it would be without prejudice. The Court granted leave to amend and a new trial on terms imposed, and ordered that if a new trial was not wanted on the terms imposed judgment should be arrested. An arrest of judgment rather than a non-suit was ordered as the alternative of a new trial lest on non-suit the cause of action should be lost by lapse of time.

The case was remanded to the county court and the plaintiffs elected to submit to an arrest of judgment rather than to amend the writ and proceed to a new trial on the terms imposed. It is now claimed that this election between the two courses made the submission to an arrest of judgment a voluntary abandonment of the suit. But it is to be observed that this was not a case in which the plaintiffs could do either or neither of two things. They sought to hold the verdict which they had obtained but were compelled to abandon it and to take one of two courses, both of which were against their will. Under such circumstances the taking of one course rather than the other does not make the course taken voluntary, in any proper sense. If on conviction a respondent is sentenced to pay a fine or to undergo imprisonment, his "election" or "choice" not to pay the fine does not lend a voluntary character to the alternative imprisonment. Numerous illustrations of the principle here stated will occur to every one. In submitting to an arrest of judgment when in a dilemma not of their own seeking but forced upon them, the plaintiffs were acting under judicial compulsion. In the decision of the former case this Court marked out no course for the plaintiffs to pursue, but simply granted the option which it did and compelled its exercise, giving at the same time clear expression to its understanding that, however the

plaintiffs might act in obeying the Court, their right of action, if any they had, would not be forfeited. The obvious understanding of the Court was consonant with reason and justice, and it is held that the plaintiffs did not voluntarily abandon the former suit. This action was commenced within one year after the determination of the former action by arrest of judgment in the way indicated, and the cause of action was not barred by the Statute of Limitations unless V. S. 1214 is construed to permit the bringing of but one suit within the year limited. Within the year limited the plaintiffs brought a suit for the same cause of action as the first one and then abandoned that and brought this. But that fact is immaterial in view of the construction which without hesitation we put upon V. S. 1214. Various exceptions to the reception of evidence were taken by the defendants but this decision depends upon facts not in dispute and so these exceptions need not be considered.

*The pro forma judgment of the county court is affirmed, and the cause is remanded.*