ELLA G. WEBSTER *v.* STATE MUTUAL FIRE INSURANCE COMPANY.

October Term, 1906.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, POWERS, and
MILES, JJ.

Opinion filed March 11, 1908.

*Insurance—Action of Policy—Notice and Proof of Loss—Dis-*
*tinction Between Estoppel and Waiver—Pleading—Repli-*
*cation—Sufficiency—Departure—Confession and Avoidance*
*—Estoppel—Duplicity—Special Demurrer—Specification of*
*Grounds.*

In a plea of confession and avoidance, an implied admission of the
truth of the allegations sought to be avoided is as effective as an
express admission.

The rule that, where the pleader does not demur, he must either
traverse or confess and avoid all the material allegations to which
he replies, does not apply to pleadings in estoppel.

A "waiver" and an "estoppel" are essentially different. The one involves the act or conduct of only one of the parties; the other, that of both. A waiver is an intentional relinquishment of a known right, involves both knowledge and intent, but does not necessarily imply that one has been misled to his prejudice. An estoppel always implies that one has been misled to his prejudice, or into an altered position, and may arise without intent to mislead. A waiver may amount to an estoppel, but not necessarily so.

No reason is seen why a replication relying on a technical waiver should not be classed with one alleging a technical estoppel, and so not required by the rules of pleading to traverse, or confess and avoid.

Though the conduct of an insurer may not have misled the insured to his prejudice, yet if with full knowledge, the insurer intentionally elects not to take advantage of a forfeiture, he is bound by an election to treat the contract as if no cause of forfeiture had occurred; and that election may be either express or implied.

In an action on a fire insurance policy, defendant pleaded that plaintiff failed to give immediate written notice to defendant and make proper proof of loss within the time limited in the policy. The replication began with the usual *precludi non*, concluded with a prayer for judgment for damages, and alleged that, within the specified time, plaintiff gave defendant a true and accurate list of the property, its value and the loss thereon, and offered to furnish defendant whatever further proof thereof it might require, which list defendant carried away and kept, without ever making any objection to the form or sufficiency thereof, and that defendant "then and there waived the technical, literal requirements of said policy in that respect." *Held*, on demurrer to the replication, that it relies on a waiver, rather than an estoppel, by implication admits the matter pleaded in defence, and sufficiently tenders the issue whether defendant waived the requirements relied upon in the plea.

Evasiveness or argumentativeness can be reached only by a special demurrer that specifically points out the particulars in which the claimed fault lies.

On special demurrer to a replication, only such formal defects will be considered as are specified in the demurrer.

In an action on a fire insurance policy, defendant pleaded that the policy contained a condition that no suit should be brought on it unless begun within one year from the date of the fire. The replication alleged that on a specified day, and on divers other

days, all within a year after the fire defendant assured and promised plaintiff that if suit was not brought it would pay the amount due on the policy; that plaintiff believed this assurance and relied thereon, and so delayed bringing suit until the year had expired. *Held*, that the replication was not a departure, and does not both traverse and confess and avoid the plea, but contains all the elements of a technical estoppel, which, if proved, would preclude defendant from making the defence set up in the plea.

Where a plea is bad for duplicity, plaintiff may either demur on that ground, or plead over. If the latter course is chosen, both matters alleged must be answered, or the one unanswered will stand admitted.

In an action on a fire insurance policy, defendant pleaded that its charter contained a provision that required suit to be brought on the policy within one year from the date of the fire, and that more than one year had elapsed after the fire before suit was brought; and that defendant failed to give notice of the loss as required by the charter. The replication alleged that on a specified day, and on divers other days, all within a year after the fire, defendant promised plaintiff that if suit was not brought it would pay the amount due on the policy, and that plaintiff believed this assurance and relied thereon, and so delayed bringing suit until the year had expired, and denied the allegation that plaintiff had failed to give notice. *Held*, on demurrer to the replication, that it was not a departure, and did not both traverse and confess the same allegations of the plea, but admitted some and denied others, which is permissible under the rules of pleading.

GENERAL ASSUMPSIT on a fire insurance policy. Pleas, the general issue, and five special pleas in bar. Heard on special demurrer to the plaintiff's replications to defendant's third, fourth, and fifth special pleas in bar, at the June Term, 1906, Orange County, *Tyler*, J., presiding. Demurrers overruled, and replications adjudged sufficient. The defendant excepted. The opinion states the substance of the pleadings in question.

*Butler & Moloney*, and *Darling & Wilson* for the defendant.

The allegation that defendant "waived the technical, literal requirements of the policy in that respect" is a mere in-

ference of law and adds nothing to the replication. Gould Pl. Ch. IV. §29; Chit. Pl. 271. And a waiver cannot be inferred from the insurer's mere silence or inaction. *Morrill & Co.* v. *N. E. Fire Ins. Co.,* 71 Vt. 281; *Ward* v. *Metropolitan Life Ins. Co.,* 66 Conn. 240; *Ins. Co. of No. Am.* v. *Garland,* 108 Ill. 227; *Replogle* v. *Am. Ins. Co.,* 132 Ind. 360; *Concordia Fire Ins. Co.* v. *Johnson,* 4 Kan. App. 7; *Chippewa Lumber Co.* v. *Phoenix Ins. Co.,* 80 Mich. 116; *Goldin* v. *Northern Assurance Co.,* 46 Minn. 471; *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *Gibson Electric Co.* v. *Liverpool Ins. Co.,* 159 N. Y. 418; *Carey* v. *German-Am. Ins. Co.,* 84 Wis. 80, 36 Am. St. Rep. 907; 16 Am. & Eng. Enc. of Law, 939.

The replications to the fourth and fifth pleas are a departure. The original action is based on a written contract. This replication relies on a different and an oral promise, thereby violating the rules of pleading. Shipman's Pleading, 2nd Ed. 473-476; Gould's Pleadings, 421-427; 1 Chitty on Pleading 681; *Joslyn* v. *Taylor,* 33 Vt. 470; *Watson* v. *Joslyn,* 29 Vt. 455; *Sibley* v. *Brown,* 4 Pick. 136.

*Hunton & Stickney* for the plaintiff. ·

It has been held that if the proofs furnished give the company all the information desired, they have fulfilled their purpose, and the assured should not be defeated because of any formal defect which he might have remedied. If they do not give the information, the company should not be permitted to defeat the claim, when it could have secured what was desired by merely pointing out what was lacking. *Williams* v. *Queens Ins. Co.* (C. C.) 39 Fed. 167; *Great Western Ins. Co.* v. *Stodden,* 26 Ill. 365; *Herron* v. *Peoria Marine & Fire Ins. Co.* 28 Ill. 235; *Ft. Wayne Ins. Co.* v. *Irwin,* 23 Ind. App. 53; *Little* v. *Phoenix Ins. Co.,* 123 Mass. 380; *Butterworth* v. *Western Assurance Co.* 132 Mass. 489; *Jones* v. *Mechanics' Fire Ins. Co.,* 36 N. J. L. 29; *Hibernia Mut. Fire Ins. Co.* v. *Meyer,* 39 N. J. L. 482; *Aetna Fire Ins. Co.* v. *Tyler,* 16 Wend. 385; *Kernochan* v. *New York Bowery Fire Ins. Co.,* 17 N. Y. 428; *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *Weed* v. *Hamburg-Bremen Fire Ins. Co.,* 133 N. Y. 394; *Ben Franklin Fire Ins. Co.* v. *Flynn,* 98 Pa. 627; *Universal Fire Ins. Co.* v. *Block,* 109

Pa. 535; *Thomas* v. *Western Ins. Co.,* 5 Pa. Sup. Ct. 383; *Yuengling* v. *Jennings,* 6 Pa. Sup. Ct. 614; *Jacoby* v. *North British & Mercantile Co.,* 10 Pa. Sup. Ct. 366; *Hall* v. *Ins. Co.,* 3 Pa. 331. Failure to object within a reasonable time to proofs of loss, where the defects could have been remedied if pointed out, amounts to a waiver. *Mercantile Ins. Co.* v. *Holthaus,* 5 N. W. Rep. 642; *Niagara Fire Ins. Co.* v. *Miller,* 120 Pa. St. 504.

POWERS, J. This case comes before us on the defendant's exceptions to the judgment of the county court overruling the special demurrers to the plaintiff's amended replications to the defendant's third, fourth and fifth pleas.

I. By the third plea, it is alleged that, notwithstanding certain express conditions, stipulations and agreements in the policy of insurance sued upon, the plaintiff failed to give immediate written notice to the defendant, and failed to make proper proofs of loss within the time limited in the policy. To this plea, the plaintiff replies that within the specified time, she, in good faith, gave the defendant a true and accurate list of the property, the value and loss thereon, and offered to furnish the defendant whatever proof thereof it might require; which said list the defendant carried away and kept, without making any objection to the form or sufficiency thereof, either at that time or at any time in season for her to repair the error, if any, therein; and that the defendant then and there "waived the technical, literal requirements of said policy in that respect."

To this replication the defendant demurs specially, on the ground (1) that it neither confesses and avoids nor denies the allegations of the plea; (2) that it is evasive and argumentative; (3) that the facts alleged therein do not of themselves constitute a waiver of the requirements referred to; and (4) that the replication attempts to put in issue, to be tried by the country, mere matter and inference of law—whether or not the defendant waived the requirements aforesaid.

(1) It is an elementary rule of pleading, as claimed by the defendant, that the pleader, if he does not demur, must either traverse or confess and avoid all the material allegations to which he makes answer. 1. Chitt. Pl. (14th Am. Ed.) 524a;

Stephen Pl. (Heard's Ed.) 138. But this rule has no application to pleadings in estoppel. Stephen Pl. 219; Gould Pl. Ch. II, §39. Such pleadings neither confess nor deny the truth of the allegations which they answer, but deny the right of the party to allege the facts. It is said that such pleas are not technically pleas in bar, though like pleas in bar they deny the right of action or defence, by denying the right to assert the facts. *East St. Louis* v. *Flannigan,* 34 Ill. App. 601. The issue which they present is not to determine the truth or validity of the particular facts pleaded, but the right and power of the party to insist upon them. So if the plea under consideration is a plea in estoppel, it is not open to the first objection specified in the demurrer. The terms "waiver" and "estoppel," as applied to the law of insurance contracts, are usually used as meaning the same thing and they are so used in many of our own cases. Courts have frequently asserted that they are convertible terms, as was done in *Security Ins. Co.* v. *Fay,* (Mich.) 7 Am. Rep. at page 674; *Elliott* v. *Lycoming County Mut. Ins. Co.,* (Penn.) 5 Am. Rep. at page 325; *Ins. Co.* v. *Wolf,* (U. S.) 24 L. Ed. 387; *United Firemen's Ins. Co.* v. *Thomas,* 47 L. R. A. 450. A closer inspection of the matter, however, convinces us that they are essentially different. A waiver involves the act or conduct of one of the parties to the contract, only. An estoppel involves the act or conduct of both parties to the contract. *McCormick* v. *Ins. Co.,* 86 Cal. 260. A waiver is the intentional relinquishment of a known right. *Donahue* v. *Ins. Co.,* 56 Vt. 374. It involves both knowledge and intent. An estoppel may arise where there is no intent to mislead. A waiver does not necessarily imply that one has been misled to his prejudice or into an altered position. *Metcalf* v. *Phenix Ins. Co.,* (R. I.) 43 Atl. 541; *Hanscom* v. *Home Ins. Co.,* (Me.) 38 Atl. 324; *Washburn* v. *Life Ins. Co.,* (Ala.) 38 So. 1011; *Queens Ins. Co.* v. *Young,* (Ala.) 11 Am. St. Rep. 51. An estoppel always involves this element. A waiver may amount to an estoppel, but not necessarily so. Though the conduct of the insurer may not have misled the insured to his prejudice, yet if with full knowledge, he intentionally elects not to take advantage of the forfeiture, the law in its zeal to avert the forfeiture, will hold the insurer irrevocably bound as by an election to treat the contract as if

no cause of forfeiture had occurred. And this election may be either express or implied.

We think the replication to the third plea must be considered to set up a waiver rather than an estoppel. It commences with the usual *precludi non* and concludes with a prayer for judgment for damages; while the proper commencement of a replication in estoppel is that "the defendant ought not to be admitted or received to plead" the matter set out in the plea; and it should conclude with a prayer for judgment "whether the defendant ought to be admitted and received, against his own conduct, etc. to plead the plea" etc., *Shelley* v. *Wright,* Willes, 9, approved in *Gray* v. *Pingry,* 17 Vt. 419. It lacks an essential element of estoppel,—the reliance to her prejudice by the plaintiff upon the conduct of the defendant. The pleader alleges that the defendant "waived" the requirements of the policy, instead of alleging that the defendant is "estopped,"—apparently having in mind the distinction herein pointed out.

We can see no very good reason why a replication setting up a technical waiver should not be classed with those setting up a technical estoppel, and so not required by the rules of pleading to traverse or confess and avoid; but we think that this replication does sufficiently confess and avoid by implication, which is just as good as an express confession. *Baker* v. *Sherman,* 75 Vt. 88, 53 Atl. 330. The question is, whether the language can fairly be construed as an admission of the facts alleged in the plea. *Blood* v. *Adams,* 33 Vt. 52. As we have seen, the commencement and conclusion are those of confession and avoidance. It is alleged that the defendant did not make objection in season for the plaintiff to repair the error, if any; and that the defendant waived the technical, literal requirements in that respect. This last expression must be taken to mean in respect to the matters set up in the plea. Clearly, these allegations are entirely inconsistent with a denial of the facts in the plea. On the other hand, the whole tenor thereof, fairly considered, implies an admission. See *Mossman* v. *Bostrich,* 76 Vt. 409, 57 Atl. 995.

(2) It is claimed that the replication is evasive and argumentative, but the particulars in which this fault lies are not

6

pointed out, so the demurrer is insufficient to raise the question. *Willey* v. *Carpenter,* 64 Vt. 212, 23 Atl. 630.

(3)   In specifying the third ground of demurrer, the defendant overlooks the direct and positive allegation that the defendant waived the literal requirements of the policy.   Several particulars are specified in the brief wherein this allegation is not formally sufficient, but they are not so specified in the demurrer, and so are not for consideration.

(4)   The replication properly puts in issue, to be tried by the country, whether or not the defendant did, in fact, waive the requirement set up in the plea.   Waiver is a question of fact, to be found by the trier as other questions of fact are. *Mosley* v. *Ins. Co.,* 55 Vt. 142; *Walsh's Admx.* v. *Ins. Co.,* 54 Vt. 351.

II.   The fourth plea shows that the policy contained a condition that no suit should be brought under it unless commenced within one year from the date of the fire, and that this fire occurred on the 13th day of July, 1903,—more than a year before the suit was brought.   The replication to this plea alleges that on the 5th day of December, 1903, and on divers other days within the year after the fire, the defendant assured and promised the plaintiff that if suit was not brought it would pay the amount due on the policy; and that the plaintiff believed and relied upon this assurance and so delayed bringing suit until the year had expired.   This replication is specially demurred to on (1) the ground of departure, and (2) because it both confesses and avoids and traverses the allegations of the plea.

(1)   The first objection is based upon an entire misconception of the scope of the replication.   It does not depart, for it does not set up the new promise as a ground of recovery; it simply asserts the new promise as one of the elements which go to make up a situation which precludes the defendant from standing upon this defence;—in other words, the promise is alleged as one of the elements of an estoppel.   This replication, though informal in commencement and conclusion, contains all the features of a technical estoppel, and if the facts therein alleged were proved at the trial, they would preclude the defendant from making the defence specified in the fourth plea. "It is unquestionably the law," says the Court in *Morrill* v. *Ins.*

*Co.,* 71 Vt. 281, 44 Atl. 358, "that any line of action on the part of the defendant which led the plaintiffs reasonably to believe that their claim would be paid without suit would estop the defendant from setting up the limitation provided in the policy. They would not be permitted to hold out the hope of payment and thus cause the plaintiffs to delay suit until the limited time had expired, and then interpose the condition in the policy in defence to an action."

(2) An inspection of the replication to the fourth plea discloses that the claim that it both traverses and confesses is unfounded in fact.

III. The fifth plea is substantially like the fourth, except it alleges the limitation to be in the charter of the company, and it further alleges that the plaintiff failed to give notice of the loss as required by the charter. The replication to this plea is like that to the fourth, except that it traverses the allegation that the plaintiff failed to give notice. The demurrer to this, is placed upon the same grounds as that to the replication to the fourth plea. As to the departure, we need add nothing to what has already been said. The second ground of demurrer requires consideration.

The fifth plea sets up two distinct matters in defence of the action:—the failure to give seasonable notice, and the failure to bring suit within the limitation. In this situation, the plaintiff had two courses open to her. She could demur for the duplicity, or, ignoring that fault, she could plead over. If she chooses the latter, she must answer both matters alleged against her, or the one unanswered will stand admitted. Gould Pl. Ch. VIII, 30. This is just what the plaintiff does by denying the lack of notice and pleading an estoppel to the limitation. She does not traverse and confess the same allegations of the plea; she traverses some and confesses others. She admits one of the charges, and avoids the other. This she may do without infringing the rules of pleading; this she must do, unless she is willing to incur the delay incident to a demurrer, or allow the allegation of lack of notice to go unchallenged. To be sure, two issues are thereby raised by the replication, which should have been raised by separate pleadings, but the fault lies with the defendant, and it ought not to be heard to complain.

*Judgment affirmed and cause remanded.*