O. H. MOSSMAN v. WALTER BOSTRIDGE.

May Term, 1904.

Present: ROWELL, C. J., TYLER, START, and WATSON, JJ.

Opinion filed May 27, 1904.

*Trespass—Plea in Justification—Sufficiency—Dogs—Hunting Deer—No. 108, Acts 1898—Construction.*

In trespass for killing a dog, the plea that "on the day and date of the said supposed killing of said dog," it was found by the defend-

ant hunting wild deer, sufficiently identifies the trespass attempted to be justified with that declared upon.

Under the provision of No. 108, Acts 1898, that "any person may lawfully kill any dog found hunting deer," the dog may be killed only while so hunting; so that a plea in justification, which merely alleges that "on the day" he killed it, the defendant found the dog hunting deer, is bad on general demurrer.

In order to warrant the killing of a dog found hunting deer, under No. 108, Acts 1898, the dog need not be of the variety therein named, nor need its owner or harborer have permitted it to run at large in the forests where deer inhabit. Those provisions relate only to the penalty of the statute.

TRESPASS for killing a dog. Pleas, the general issue, and plea in justification. Heard on general demurrer to the second plea, at the March Term, 1904, Orleans County, *Haselton, J.*, presiding. Demurrer overruled, and plea adjudged sufficient. The plaintiff excepted, and the case was passed to the Supreme Court before trial on the merits. The opinion states the substance of the plea in question.

*W. W. Miles* and *W. M. Wright* for the plaintiff.

The plea is bad in that it does not confess the trespass alleged in the declaration. Chit. Pl. (14 Am. ed.) Vol. 1, 501, Vol. III, 1096.

The plea is also bad in failing to allege that defendant killed the dog *while* hunting deer. *Simonds* v. *Holmes*, 15 L. R. A. 253; *Wells* v. *Head*, 4 Car. & P. 568; *Johnson* v. *McConnell*, 80 Cal. 545.

*Albert W. Farman* and *George B. Young* for the defendant.

ROWELL, C. J. This is trespass for killing a dog. The second plea, which follows the general issue, attempts to justify, and alleges that "on the day and date of the said supposed

killing of said dog, said dog was by the defendant found pursuing, hunting, and chasing wild deer." To this plea the defendant demurs generally, and objects that it is insufficient because it does not confess a cause of action. Without considering whether the objection can be taken advantage of on general demurrer, it is clear that the plea gives good color in the words, "the said supposed killing of said dog," and consequently sufficiently identifies the trespass attempted to be justified with the one declared upon.

Baron PARKE says in *Earnstaff* v. *Russell,* 10 M. & W. 365, that there can be no doubt whatever that the word *supposed* is a sufficient admission of a cause of action; that it is the usual mode of pleading; and that he had seen instances without number where, after the general issue, a special plea followed professing to answer the supposed cause of action in the declaration mentioned. The word *supposed* is equivalent to *alleged,* and a sufficient admission of a cause of action. Note to *Gould* v. *Lasbury,* 1 C. M. & R. 254, Hare and Wallace's ed; Martin, Civil Proced. § 290.

The statute provides that any person may lawfully kill any dog found hunting deer. Sec. 3, No. 108, Acts of 1898. But the dog must be killed while thus hunting, and the plea is bad for not so alleging. We do not construe the statute to require, in order to warrant the killing of a dog found hunting deer, that the dog must be of the breed or variety named in the statute, nor that the owner or the harborer of the dog must have permitted it to run at large in the forests where deer inhabit. Those provisions relate to the penalty of the statute, and not to the right to kill a dog found hunting deer.

*Judgment reversed, demurrer sustained, plea adjudged insufficient, and cause remanded.*