A. ZANETTA *v.* HENRY BOLLES.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 16, 1907.

*Game Laws—Wild Deer on Enclosed Land in Closed Season—*
    *Landowner's Property in Such Deer—His Right to Kill*
    *Dogs to Protect Such Deer.*

The wild game of this State belongs to the inhabitants thereof in
    their collective and sovereign capacity, and not in their individ-
    ual and private capacity, except so far as private ownership may
    be acquired therein under the constitutional provision that the
    inhabitants of the State "shall have liberty in seasonable times
    to hunt and fowl on lands they hold and on other lands not
    enclosed," under proper regulations to be thereafter provided
    by the General Assembly.

Since the statutory prohibition to hunt wild deer on his enclosed
    lands in the closed season is a proper regulation of his constitu-
    tional "liberty" to hunt and fowl thereon, an inhabitant of this
    State has, during the closed season, no such property in a wild
    deer on his enclosed land, which is there being attacked and
    worried by another's duly licensed, registered and collared dog,
    as entitles him to kill the dog, though that be necessary to save
    the deer's life.

TRESPASS for shooting a dog. Heard on an agreed state-
ment of facts by the City Court of the city of Barre on May 6,
1907, *Scott,* J. Judgment for defendant to recover his costs.
The plaintiff excepted. The agreed statement of facts is as fol-
lows:

"The plaintiff is a resident of the city of Barre, and was a
resident of said city on December 26, 1905, on which day he
went hunting rabbits in the town of Marshfield in said county of
Washington, taking with him his beagle hound. The hound
was duly licensed, registered and collared. The defendant is
a resident of Marshfield, and was on said December 26, 1905.

Both plaintiff and defendant are citizens. On said 26th day of December the defendant heard the barking of dogs near the house, and going to the front of the house saw several dogs worrying a deer. The deer was standing in a brook with its fore feet on the bank of the brook. The defendant drove the dogs away and returned to the house, but the dogs renewed their attack on the deer, and he procured his rifle and shot at and killed the plaintiff's dog. The defendant killed the dog in order to protect the deer, and it was necessary to do so to save the deer's life. All of this took place within the enclosed lands of the defendant. The defendant did not know who owned the dog, and that the dog wore a collar upon which the name of the owner was marked. The plaintiff did not know that his dog would pursue deer, and used the dog only for rabbit hunting, and while out hunting rabbits at divers times previously with the said dog, came across fresh deer tracks, and that the dog took no notice thereof. On the day in question the plaintiff's dog had left him and attacked the deer without the knowledge of the plaintiff. The value of the plaintiff's dog was fifty dollars.''

*Elwin Scott* and *J. Ward Carver* for the plaintiff.

The ownership of wild animals, so far as they are capable of ownership, is in the State, not as proprietor, but in its sovereign capacity as the representative of and for the benefit of all its people in common. Such animals become the subject of private ownership only so far as the people may elect to make them so. 40 L. R. A. 687, 59 N. W. 1098; *Geer* v. *Connecticut,* 161 U. S. 519; *Rexroth* v. *Coon,* 15 R. I. 35; *Jenkins* v. *Ballantine,* 8 Utah 245, 16 L. R. A. 689; 2 Kent Com. (4th ed.) 348; Blackstone Com. (1st ed.) 387; *State* v. *Redman,* 58 Minn. 398; 133 Ill. 469; *State* v. *Niles,* 78 Vt. 271; *Wagner* v. *People,* 97 Ill. 333.

*S. Hollister Jackson* for the defendant.

The deer was within the enclosed lands of the defendant. While it was there the defendant had a *transient property* in it, a property sufficient to give him the right to restrain any

stranger from taking it therein. · Although this was a *qualified* property, nevertheless it was *property.* *State* v. *Niles,* 78 Vt. 271; 2 Blackstone Com. 394; 2 Am. & Eng. Enc. Law, 344, note 2; *Geer* v. *Conn.,* 161 U. S. 523. Having property in the deer, the defendant could defend it from the ·dog, to the extent of killing the dog. *King* v. *Kline,* 6 Pa. St. 318; *Aldrich* v. *Wright,* 53 N. H. 398; *Wadhurst* v. *Damme,* Croke's Rep. 45; *Barrington* v. *Turner,* 3 Lev. Rep. 28; 2 Am. & Eng. Enc. Law, 345.

ROWELL, C. J. The defendant, an inhabitant of the State, in the close season, shot and killed the plaintiff's duly licensed, registered, and collared dog while, with other dogs, it was worrying and attacking a wild deer on the defendant's enclosed land, and thereby saved the life of the deer. The defendant says that as he was an inhabitant of the State at the time, he had such a qualified property in the deer that he had a right to kill the dog in order to protect it. But that is not so. The wild game in the State belongs to the people of the State in their collective and sovereign capacity, and not in their individual and private capacity, except so far as private ownership may be acquired therein under the Constitution, subject to such proper regulations as the Legislature may make, the Constitution providing that the inhabitants of the State "shall have liberty in seasonable times to hunt and fowl on the lands they hold, and on other lands not inclosed," under proper regulations to be thereafter made and provided by the General Assembly. It is by virtue of this "liberty," and not otherwise, that private ownership is acquired in wild game by an inhabitant of the State on whose inclosed lands it is found; and it is thus acquired because the right to hunt thereon is exclusive in the inhabitant who holds them. *Payne* v. *Sheets,* 75 Vt. 335.

But as the defendant had no right to hunt wild deer on his inclosed land in the close season, a proper regulation of his "liberty," he had no property in the deer that entitled him to kill the dog to protect it.

*Judgment reversed, and as the value of the dog is agreed upon at fifty dollars, judgment for that sum is rendered for the plaintiff with costs.*