EARL C. VOODRY, Plaintiff in Error, *vs.* THE TRUSTEES OF THE UNIVERSITY OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed June 20, 1911—Rehearing denied October 10, 1911.*

1. WILLS—*proponents in will contest must make a prima facie case that testatrix was mentally competent.* In a will contest case under the statute it is incumbent upon the proponents to make a *prima facie* case, in the first instance, by proper proof of the execution of the will and of the mental capacity of the testator or testatrix.

2. SAME—*proponents not limited to any particular method of proof.* While the proponents in a will contest case may make a *prima facie* case by the testimony of the subscribing witnesses or the certificate of the oath of the attesting witnesses at the time of the probate, yet they are not limited to either of such methods, but may prove the mental capacity of the testatrix and execution of the will by any legitimate evidence.

3. SAME—*what is not a failure to make a prima facie case in favor of will.* The facts that only one subscribing witness to the will testifies in favor of the sanity of the testatrix whereas the other testifies, at the instance of the contestant, against such sanity, and that no certificate of the oath of the subscribing witnesses at the probate was introduced, do not amount to a failure to make a *prima facie* case in favor of the will, where both subscribing witnesses testified to the execution of the will and a number of other witnesses testified for the proponents to the soundness of mind of the testatrix.

4. SAME—*when proof of mental condition of testatrix before making will is not improper.* In a will contest case, where want of testamentary capacity is charged, it is not improper, within reasonable limits, to prove the mental condition of the testatrix both before and after the time the will was executed.

5. SAME—*verdict in contested will case has the force of a verdict at law.* In a contested will case under the statute the verdict of the jury has the same force and effect as is given to a verdict in a suit at law, and if the verdict is not manifestly against the weight of the evidence the court is bound by it in the same manner and to the same extent as though it were a case at law.

6. SAME—*what is not an improper question to ask sanity witnesses.* It is not improper to ask witnesses who knew the testatrix whether or not she had mind enough to know what property she had or who her relatives were during the time the witnesses

knew her, as such questions do not call for an opinion on the issue to be determined by the jury. (*Baker* v. *Baker,* 202 Ill. 595, distinguished.)

7. SAME—*when an instruction stating that certain defendant is not a beneficiary is not harmful.* An instruction in a will contest case stating that the will provides for free scholarships for the benefit of deserving young men who are unable to pay their tuition at a certain university and that such university is not a beneficiary is not harmful, where the instruction correctly interprets the provision of the will, and the will itself is in evidence and is taken by the jury, with other exhibits, upon retirement.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

BARRY & MORRISSEY, for plaintiff in error.

O. A. HARKER, for defendants in error the Trustees of the University of Illinois.

STONE, OGLEVEE & FRANKLIN, for other defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, Earl C. Voodry, filed his bill in the circuit court of McLean county to set aside the last will and testament of his mother, Anna J. Voodry, on the ground that she lacked testamentary capacity at the time she executed her will. The bill alleged the execution of the instrument, the death of Mrs. Voodry and the probate of the will. The answers of the defendants in error admitted all the allegations of the bill except those charging lack of testamentary capacity. An issue of fact was made up and two trials were had. On the first trial the jury disagreed, and on the second a verdict was returned finding the instrument to be the last will and testament of Anna J. Voodry, and a decree was entered accordingly.

The will in question was executed in Bloomington, on September 18, 1907. Mrs. Voodry owned some real estate

at Crown Point, Indiana, and a little over $5000 in personal property. She was a widow and plaintiff in error was her only child and only heir-at-law. By her will, after making various small bequests to relatives, she bequeathed the remainder of her household goods to plaintiff in error, and then devised the residue of her estate, real and personal, to Paul F. Beich, as trustee, to invest and manage the same and to pay the net income therefrom to plaintiff in error during his lifetime, and at his death the trust estate was devised to the trustees of the University of Illinois, to be held by them in trust and to be by them converted into money and held as a fund to be perpetually invested, the income of which was to be used for the purpose of providing free scholarships for deserving young men who are unable to pay their own tuition at the University of Illinois.

On the trial one of the witnesses to the will, who had also acted as the scrivener, testified to its execution and to the soundness of mind of the testatrix at the time of the execution of the instrument. The will was admitted in evidence, and a number of witnesses testified, on behalf of proponents, to the mental soundness of the testatrix at the time of the execution of the instrument. The other witness to the will was not called by proponents but was called on the part of the contestant and testified to the execution of the will, and that in his opinion Mrs. Voodry, at the time she executed said instrument, was not of sound mind and memory. It is contended by plaintiff in error that by this evidence proponents did not make out such a *prima facie* case of the execution of the will and of the mental capacity of the testatrix as is required, and to support his position relies upon the fact that the certificate of the oath of the witnesses at the time of the first probate was not offered in evidence and but one of the attesting witnesses was called by proponents.

It is always incumbent upon the proponents in suits to contest wills to make out a *prima facie* case, in the first

instance, by proper proof of the execution of the will and of the mental capacity of the testator or testatrix. In this case the execution of the will was alleged in the bill and was admitted by the answer, leaving to be contested only the question whether the testatrix was of sound and disposing mind and memory. One of the attesting witnesses testified to the execution of the instrument, and that, together with the allegations of the bill and the testimony of the other witnesses as to the mental capacity of the testatrix, was sufficient to establish the *prima facie* case required. But had the testimony of the other subscribing witness been necessary it was supplied by the contestant, who called him and by him proved the execution of the instrument.

It is insisted that the court erred in permitting the proponents to prove, over the objection of the plaintiff in error, by witnesses called in chief, that the testatrix was of sound mind and memory two years and more before the execution of the instrument, those witnesses not having seen her since that time. It is true that it is only incumbent upon the proponents to show the mental soundness of the testatrix at the time of the execution of the will, but neither party is confined to that particular time in making his proof. It is proper to show the mental condition of a testator both before and after the execution of the purported will, in suits to contest wills, in order to determine his mental condition at the time the will was executed, and in this case it cannot be said that proof of the mental condition of the testatrix two years before she executed the instrument in question was too remote in time. At the request of the plaintiff in error the court specifically instructed the jury that while evidence had been admitted bearing on the mental condition of Mrs. Voodry both before and after the execution of the instrument, the question to be determined was whether or not she was of sound mind and memory when she executed the purported will.

It is argued strenuously that the verdict of the jury was against the weight of the evidence. Eleven witnesses testified on the part of the proponents as to the mental capacity of Mrs. Voodry and fifteen on the part of the contestant. The witnesses for the proponents all testified positively that they believed Mrs. Voodry was of sound mind and memory and capable of transacting ordinary business. On the other hand, while the witnesses called on the part of the contestant all believed her to have been of unsound mind, a number of them, while testifying that she was not capable of transacting ordinary business, on cross-examination admitted that she was able to comprehend the nature and extent of her property, to know who her relatives were, and to transact such business as dealing with tradespeople for such articles as she was in need of. It cannot be said, from an examination of this record, that the evidence clearly preponderates for one side or the other. The evidence is such that a court would not be justified in disturbing the verdict of the jury had it been either for or against the contestant. In contested will cases arising under our statute, the verdict of the jury is to have the same force and effect as is given to a verdict in a case at law under a like state of facts, and when the verdict in such case is not manifestly against the weight of the evidence, the court is bound by it in the same manner and to the same extent as if it were a case at law. *Calvert* v. *Carpenter,* 96 Ill. 63; *Moyer* v. *Swygart,* 125 id. 262; *Hill* v. *Bahrns,* 158 id. 314; *Smith* v. *Henline,* 174 id. 184; *Hurley* v. *Caldwell,* 244 id. 448.

Plaintiff in error contends that the court erred in permitting the witnesses for proponents and the witnesses for contestant, on cross-examination, to give their opinions as to whether or not Mrs. Voodry had mind enough to know what property she had, or who her relatives were, during the time the witnesses were acquainted with her, and urges that by allowing the witnesses to so testify they were per-

mitted to take the place of the jury and to determine the very issue which the jury were sworn to try. In this contention they rely upon the case of *Baker* v. *Baker,* 202 Ill. 595. The questions here asked are not to the same effect as those to which the court sustained objections in *Baker* v. *Baker, supra.* In that case the witnesses were asked "whether or not the testator, at the time of making the alleged will, had sufficient mind and memory to understand the will in question," "whether or not he was able to carry in his mind and memory the nature and extent of his property," and "whether or not he was able to understandingly execute the will." It needs no extended discussion to point out the difference between the opinions there sought to be elicited and the opinions here secured. It is from the testimony of witnesses who knew the testatrix personally and who gave their opinion, based upon their knowledge and observations, that the testatrix was or was not of sound mind and memory, that she was or was not insane, or that she did or did not have mind enough to comprehend the scope and extent of her property or to realize who her relatives were and the claims they had upon her bounty, that the jury are able to determine whether or not she was of sufficient mentality to execute a last will and testament and to understand the business then in hand. The evidence complained of was properly admitted.

It is complained that the court erred in instructing the jury that the will provided free scholarships for the benefit of deserving young men who were unable to pay their own tuition at the university, and that the University of Illinois is not a beneficiary under the will and gets none of the property. We have discovered nothing in the record that would call for the giving of these instructions, although it is claimed they were given because of certain statements made by counsel for the plaintiff in error in his opening statement to the jury. Be that as it may, we are of the opinion that no harm could have resulted from the

giving of these instructions for the reason that they correctly state the provisions of the will, and the will itself was in evidence and was taken by the jury, together with the other exhibits, upon their retirement.

Complaint is made of the giving of certain other instructions, but the points raised by counsel in that connection have already been discussed and it will not be necessary to notice them further.

The verdict of the jury and the decree of the court being amply supported by the evidence, and there being no reversible error in the record, the decree of the circuit court is affirmed.

*Decree affirmed.*