## Victor Villa *v.* Guy Thayer.

May Term, 1917.

Present: Watson, C. J., Haselton, Powers, Taylor, and Miles, JJ.

Opinion filed October 8, 1917.

*Game Wardens—Authority—Killing Dogs—Charge of Court.*

A game warden, not being a general public officer of the State, and his authority being wholly derived from the statutes and expressly defined thereby, cannot justify his shooting of dogs on the ground that they were at the time chasing a wild deer which could not reasonably be protected otherwise; nor upon the ground that the dogs had before chased deer and were public nuisances.

Nothing is to be deemed a public nuisance solely by reason of its relations to the destruction of wild game unless the statute law declares it to be so.

Charge construed, and *held* to be without error.

ACTION on the case for killing two dogs belonging to plaintiff. Pleas, the general issue, and two special pleas, the first of which alleged that defendant was a deputy fish and game warden and as such performed the acts complained of, and that the dogs were, at the time of the shooting, in the act of pursuing a wild deer, and for a long time theretofore had been in the habit of pursuing wild deer and were possessed by the plaintiff for that purpose and did so with the knowledge and consent of the plaintiff, by reason of which the dogs were public nuisances. The second special plea alleged that the dogs were not duly licensed, registered and collared. Trial by jury in the Montpelier City Court, *Erwin M. Harvey,* Judge. Verdict and judgment for plaintiff. Defendant excepted. The opinion states the case.

*H. J. Conant* and *F. L. Laird* for defendant.

*Charles B. Adams* and *J. Ward Cower* for plaintiff.

HASELTON, J. This is an action of tort in which the plaintiff recovered damages for the shooting of two dogs duly licensed, registered and collared.

On trial the defendant admitted shooting the dogs, but claimed to justify such shooting on the ground that he was a deputy game warden, and as such shot the dogs while they were chasing a wild deer, and that the defendant could not reasonably protect the deer in any other manner than by shooting the dogs. The court held that evidence to support these claims constituted no defence and the defendant excepted.

At one time our statutes permitted any person to kill any dog found hunting a deer. Acts 1898, No. 108, § 3; *Mossman* v. *Bostridge,* 76 Vt. 409, 57 Atl. 995. But this provision of the law was soon repealed and has never been restored. Acts 1904, No. 130; P. S. 5325; Acts 1912, No. 201, §§ 13, 17. The defendant, however, claimed and claims that it was within his authority as a deputy game warden to shoot the dogs while chasing a deer. He does not claim that he had that authority by virtue of any express statutory provision for there is no such provision, and the powers and duties of game wardens are carefully defined; but he claims that as wild deer within the State are the common property of the people of the State, (*State* v. *Theriault,* 70 Vt. 617, 41 Atl. 1030, 43 L. R. A. 290, 67 Am. St. Rep. 695; *Payne* v. *Sheets,* 75 Vt. 335, 55 Atl. 656; *State* v. *Niles,* 78 Vt. 266, 62 Atl. 795, 112 Am. St. Rep. 917; *Zanetta* v. *Bolles,* 80 Vt. 345, 67 Atl. 818) the State may do in defence of such property what a private person may do in defence of his private property. But a game warden is not the State nor a general public officer of the State, and his authority in the protection of game is wholly derived from the statutes and is expressly defined thereby. Acts 1912, No. 201, § 73. If it is desirable that game wardens should have authority to do what the defendant here did, it is for the General Assembly and not for the courts to confer it. The claim, above stated, was raised by an exception which, however, is of no avail.

The defendant in his brief says, in substance, that on trial he offered to show that these dogs had before chased deer, and he claims that, as deer-chasing dogs, they were public nuisances and might lawfully be shot by any one. We do not, however, find in the record any exception that fairly calls for the consideration of this claim. But if we treat the question as raised by any exception to any ruling, holding or instruction of the court adverse to this claim of the defendant, the result is the same. Sec. 3, No. 108, of the Acts of 1898, already referred to,

forbade, among other things, the keeping of deer-hunting dogs, but restricted the right of a private person to kill a dog by virtue of that statutory provision to the killing of a dog found in pursuit of a deer. The other provisions of the section related only to the penalty of the statute. *Mossman* v. *Bostridge,* 76 Vt. 409, 57 Atl. 995. It cannot be held that the repeal of the only clause giving a private person the right to kill for the protection of deer is consistent with the right to kill in some circumstances for such protection.

The enforcement of the fish and game law is in most respects by way of visiting penalties, in some cases severe, upon those who violate it. In a few instances forbidden contrivances for taking fish and game are declared to be public nuisances which any person may destroy, and nothing is to be deemed a public nuisance solely by reason of its relation to the destruction of wild game unless the statute law declares it to be so.

The court directed the jury to find a verdict for the plaintiff for at least nominal damages, saying: ''The usual rules applicable to causes of this kind, that the burden is upon the plaintiff to make out his case by a fair balance of the evidence, do not apply, because the court charges you, as a matter of law, that you shall find at least nominal damages for the plaintiff.'' To this the defendant excepted and now says that it was error since the only question left to the jury was the question of the value of the dogs and that on that question the burden of proof was on the plaintiff. But the court was not talking about damages, but about the making out of a case, that is, the question of the defendant's liability, and was simply explaining to the jury why he did not submit that question to their determination. The charge on the question of damages was not prejudicial.

*Judgment affirmed.*