(No. 33777.—

MARIAN HEIDEMAN, Appellee, *vs.* WILLARD V. KELSEY, Exr., *et al.*, Appellants.

*Opinion filed January 19, 1956.*

SNELL & SEYFRIT, and HEMPHILL & KELSEY, both of Carlinville, for appellants.

FRANCIS R. WILEY, of Decatur, DENNIS A. McGRADY, of Gillespie, and WM. J. BECKER, of Clayton, Missouri, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case was before us on a former appeal reported in 414 Ill. 453, wherein we reversed a decree entered pursuant to a jury verdict setting aside the last will and testament of Charles Avery Hilliard on the ground that the verdict was contrary to the weight of the evidence. The case was remanded with directions to allow defendants' motion for a new trial. In that opinion there is a complete recital of the evidence adduced on both sides.

A second trial was had in which the jury was unable to agree and upon a third trial the jury again found for the contestant and this is an appeal from a decree of the circuit court of Macoupin County entered upon the verdict.

On this appeal three principal errors were assigned, to-wit: (1) that the trial court erred in denying defendants' motion for a new trial; (2) that the court erred in admitting improper evidence; and (3) in the giving of instructions.

On the last trial both sides relied upon the same testimony used in the first trial and each produced six additional witnesses.

Inasmuch as this cause must be reversed because of errors in the trial we deem it unnecessary to detail the

testimony of the new witnesses except to make the observation that contestant's position is not greatly improved by their added proof. This case has been tried twice by a jury with the same result and two different judges have approved the verdicts. Under such circumstances reviewing courts are reluctant to reverse because of an evidentiary deficiency. *Blackhurst* v. *James*, 304 Ill. 586.

Over the objections of defendants, the testimony of George G. Swett, handwriting expert, that the signature of the testator on the first page of the will was his signature but was not, in his opinion, signed on January 10, 1950, was admitted in evidence together with plaintiff's exhibits 41 to 50, inclusive, which were photostatic reproductions of other signatures of the testator made before and after January 10, 1950. The will in question consisted of two pages, and the proof, without contradiction, shows that the testator declared to the attesting witnesses that it was his will; that both pages were signed by him in their presence and at his request; and that in his presence the attesting witnesses signed both pages on January 10, 1950, at the First National Bank of Brighton, Illinois.

Swett's testimony is entirely irrelevant and only served to distract the attention of the jury from the sole issue in the case and was very prejudicial. The only issue created by the pleadings was the mental capacity of the deceased at the time of the execution of the will on January 10, 1950. In a will contest the contestant will be allowed to contest the validity of the will only upon the particular grounds that are alleged in the bill. *Waters* v. *Waters*, 222 Ill. 26, 40; *Kalnis* v. *Waitek*, 347 Ill. 253, 257; *Huffman* v. *Graves*, 245 Ill. 440.

There is no allegation in the amended complaint that is a basis for invalidating the will except that the testator was not of sound mind and memory but was in his dotage and was more than 85 years of age, that his mind and memory were so impaired as to render him wholly incapable of

making any just and proper disposition of his estate, and that he did not have the mental capacity, power or ability to execute said instrument.

There is no allegation in the complaint that the will was not executed on the day of its date, *viz:* January 10, 1950. The complaint avers "that Charles Avery Hilliard was the father of the plaintiff and supposedly on or about the 10th day of January, A.D. 1950 executed a certain instrument in writing purporting to be his Last Will and Testament." The word "supposedly" is synonymous and equivalent to the words "purportedly" and "allegedly." In *Smith* v. *Henline,* 174 Ill. 184, 51 N.E. 227, this court said that an instruction in a will contest referring to an instrument as the "supposed codicil" is not equivalent to telling the jury that the codicil was not the real codicil of the testator. Such use of the word casts no discredit upon its validity and is equivalent to the words "alleged codicil" and casts no more discredit upon the validity of the codicil than to use the word "alleged" in that regard and the instruction cannot be considered to amount to a statement that the instrument is not a codicil.

In *Mossman* v. *Bostridge,* 76 Vt. 409, 57 Atl. 995, the court held that the word "supposed" as used in a plea of trespass for killing a dog, alleging that on the date of "the said supposed killing of said dog it was found by defendant hunting wild deer" is equivalent to "alleged."

There was no necessity for either the testator or the witnesses to sign the first typewritten sheet of the will, and since there was no question in the case as to the will having been executed on the date indicated on the second page of the will, the testimony of this handwriting expert was entirely irrelevant, and its tendency to confuse the issues in the mind of the jury is apparent.

After the witness Albert H. Michenfelder had qualified as a witness for the defendants he was asked this question: "Based upon your conversation with him and your years

of acquaintanceship with him, do you have an opinion as to whether or not he had the mental capacity to know the value and the extent of the property he owned?" The trial court sustained an objection made by the plaintiff to that question. This was a proper question and the court should have allowed this witness to answer. *Voodry* v. *Trustees of the University of Illinois,* 251 Ill. 48, 95 N.E. 1034; *Powell* v. *Weld,* 410 Ill. 198, 101 N.E. 2d 581.

Complaint is made of two instructions given on behalf of the plaintiff. Instruction No. 1 was as follows: "The court instructs the jury that under the pleadings of this case it is established that Marian Heideman, the contestant, is the daughter and sole heir at law of Charles Avery Hilliard." There was no issue in this case that would occasion the giving of that instruction. The complaint alleged that Marian Heideman was the daughter of the testator and the answer admitted that fact. This instruction could have had no effect upon the jury except that it was an indication by the court that the sole heir-at-law of the testator should have inherited his property. In *Miller* v. *Ahrbecker,* 320 Ill. 577, 151 N.E. 526, we held that an instruction to the jury in a will contest concerning the rights of the contestant as the legally adopted child of the testator was improper since there was no issue as to the heirship of the adopted daughter.

In this kind of case it is highly important that trial errors be reduced to a minimum. This court made the following observation in a parallel situation in *Turnbull* v. *Butterfield,* 304 Ill. 454, 137 N.E. 476: "In a will contest, where the will seems to have made an unequal division of property there is a disposition in the mind of the average juror to hold such will invalid and to look for an excuse to do so, notwithstanding the law is that the testator may make such disposition of his property as he sees fit and may bestow his bounty where he wishes. This tendency on the part of jurors runs counter to the rule of

law that they have nothing to do with the equity or inequity of a will and that the children of a testator have no property rights in the parent's property. These facts make it necessary that the jury be carefully instructed on the issue of mental soundness of the testator where such a will has been executed. This court has invariably condemned instructions which offer the jury an excuse to determine whether a will is a just and proper disposition of the property of the testator."

The trial court also instructed the jury as follows: "The court instructs the jury that although you may believe from the evidence that the signature of the instrument in question is the signature of Charles Avery Hilliard, yet, before you can find that the instrument is his last will and testament you must believe from the evidence that he made said signature at the time and in the manner claimed. In determining this question you should take into consideration his age, his physical condition and all of the circumstances in evidence; and if, after doing so, you believe from the evidence that it was impossible for him to have made the signature at the time claimed, then you should find for the contestant."

This instruction was highly prejudicial and erroneous for many reasons. In the first place, as we have heretofore indicated, there was no issue in the complaint that the testator did not actually sign the will on January 10, 1950, but the only issue was his testamentary capacity at the time the will was executed. In the second place, it singles out certain evidence and omits the testimony of the attesting witnesses to the will. The instruction is further confusing with reference to the statement that the jury should find for the contestant if they believe from the evidence that it was impossible for him to have made the signature at the time claimed without any evidence whatsoever that there was any such impossibility.

We are unable to agree with the defendants that this

case should be reversed without remanding. (*Blackhurst* v. *James*, 304 Ill. 586, 136 N.E. 754.) The evidence for the plaintiff is sufficient to sustain a verdict finding the testator lacked testamentary capacity, and in such state of the record the plaintiff under the statute is entitled to a trial before a jury.

Because of the errors considered, the decree entered herein is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*